UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH J. PHELAN,

                              Plaintiff,

                                                                                           DECISION & ORDER
v.                                                                                        10-CV-6704-FPG

SR. COUNSELOR S. ZENZEN, Deputy Supt. of Programs,
Five Points Correctional Facility;
BENETT, Correctional Officer at Five Points Correctional Facility;
SGT. PARISH, Sargent at Five Points Correctional Facility;
LT. JONES, Sargeant at Five Points Correctional Facility;
McINTYRE, Correctional Officer at Five Points Correctional Facility;
SERGENT NETTI, Sargent at Five Points Correctional Facility;
CORRECTION OFFICER EVANS, Correctional Officer, Five Points Correctional Facility
CAPTAIN COLVIN, Deputy Supt. of Security, Five Points Correctional Facility,

                                  Defendants.
_____

      *Pro se* Plaintiff Kenneth J. Phelan ("Plaintiff"), a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 by filing a Complaint on October 1, 2010, alleging that Defendants violated his constitutional civil rights. ECF No. 1. Subsequently, Defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for judgment dismissing the Complaint in part for failure to state a claim (ECF No. 12), and Plaintiff submitted responding papers in opposition thereto (ECF No. 15).

      On November 6, 2012, District Court Judge Charles J. Siragusa issued a Decision and Order granting in part and denying in part, Defendant's motion to partially dismiss the

Complaint. ECF No. 17. By this decision, Judge Siragusa dismissed Plaintiff's claims which alleged the denial of access to the courts, denial of exercise in the recreation yard, denial of a razor, denial of a pillow, Styrofoam tray/denial of an eating utensil, placement of cell shield and denial of equal protection, but permitted Plaintiff's Eighth Amendment medical claims, the retaliation claims against Bennett and any other claims which Defendants did not specifically move to dismiss, to proceed. *Id.* On November 14, 2012, Plaintiff filed a Notice of Interlocutory Appeal (ECF No. 18), appealing Judge Siragusa's Decision and Order entered on November 6, 2012, to the Second Circuit Court of Appeals.

By Text Order filed on January 11, 2013, the case was reassigned to this Court for all further proceedings. ECF No. 20. On February 28, 2013, by Mandate of the United States Court of Appeals, the Second Circuit dismissed the Notice of Interlocutory Appeal effective January 17, 2013, unless Plaintiff-Appellant filed by that date a statement identifying each issue to be raised on appeal and stating the facts and a brief statement of reasons demonstrating the merit of each issue. ECF No. 21. By Order of the United States Court of Appeals issued on March 29, 2013, the Second Circuit granted Plaintiff-Appellant's motion to recall the earlier Mandate and reinstate the appeal. EFC No. 22. On October 24, 2013, by Mandate of the United States Court of Appeals, the Second Circuit determined that it lacked jurisdiction over Plaintiff-Appellant's appeal because a final order had not been issued by the district court as contemplated by 28 U.S.C. § 1291, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) and ordered the dismissal of the appeal. ECF No. 23. The Second Circuit concurrently also denied as moot, Plaintiff-Appellant's application for appointment of appellate counsel. *Id.*

Thereafter, Plaintiff filed a letter motion seeking dismissal of the "active" claims which remained as a result of Judge Siragusa's November 6, 2012 Decision and Order (ECF No. 17), in

order to exercise his right to appeal, stating that "there is no use in persuing [sic] the remaining claims cause they are minor and you mistakenly dismissed the heart of my lawsuit." ECF No. 25. In further protest of Judge Siragusa's decisional rulings, Plaintiff goes on the state that "you cite unpublished cases that are not good enough, or strong enough to be in the books + therefore have no legal weight." *Id.*

The Declaration of Assistant Attorney General J. Richard Benitez ("AAG Benitez"), of Counsel to Eric T. Schneiderman, Attorney General of the State of New York, in response to Plaintiff's motion, was filed on January 27, 2014. ECF No. 27. Therein, AAG Benitez states, on behalf of Defendants, that there is no opposition to the dismissal of the remaining claims set forth in the Complaint, with prejudice, given Plaintiff's "admission that the remaining claims are insignificant and are causing a delay to his appeal of this Court's prior decision and order dismissing the 'heart of [his] case.'" *Id.*

There is no question that a Plaintiff may voluntarily dismiss an action initiated in district court by him or her, and Rule 41 of the Federal Rules of Civil Procedure governs such dismissals. Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Here, the Court has considered Plaintiff's representations regarding his desire to dismiss these remaining "minor" claims of the Complaint so as to facilitate his appeal and has determined that dismissal of these claims is warranted in the circumstances presented.

Therefore, in the absence of any opposition on the part of Defendants, and after duly considering the pertinent circumstances, the Court grants Plaintiff's motion to dismiss all claims remaining as the result of Judge Siragusa's November 6, 2012 Decision and Order (ECF No. 17),

i.e., the Eighth Amendment medical claims, the retaliation claims against Bennett, as well as any claims which the Defendants did not specifically move to dismiss by way of their motion to dismiss the Complaint in part (ECF No. 12). Furthermore, these claims are dismissed with prejudice. The Clerk of the Court is hereby directed to take the necessary actions to dismiss these claims and close this case.

    IT IS SO ORDERED.

Dated: January 31, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge